Argued and submitted June 29, reversed and remanded July 28, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MARIO ARRIAZA,
*Defendant-Appellant.*

Washington County Circuit Court
C072711CR; A138973

237 P3d 222

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Anna M. Joyce argued the cause for respondent. On the briefs were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.*

PER CURIAM

---

* Brewer, C. J., *vice* Carson, S. J.

## PER CURIAM

A jury found defendant guilty of three counts of first-degree sexual abuse. On appeal, he contends that his convictions should be reversed because the trial court erroneously admitted (1) hearsay testimony about what defendant had told an interpreter during an interrogation and (2) a doctor's medical diagnosis of "highly concerning for sexual abuse." We agree that the trial court erred in admitting the doctor's diagnosis, and we therefore reverse defendant's convictions and remand for a new trial. Given that remand, we decline to reach defendant's hearsay argument.

Defendant was charged with three counts of first-degree sexual abuse after a young girl alleged that he had touched her breasts and vaginal area. During the course of defendant's trial, the state offered the testimony of Dr. Skinner, a physician who had examined the girl. Skinner testified that the results of the girl's physical examination were normal, but that during an interview, the girl told Skinner that defendant had touched her breasts and vaginal area. Based on those statements and previous statements the girl made to police, Skinner made a diagnosis of "highly concerning for sexual abuse."

On appeal, defendant argues that, under the reasoning in *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), Skinner's medical diagnosis should have been excluded as unfairly prejudicial under OEC 403.[1] Defendant acknowledges that he did not preserve that claim of error, but he nonetheless urges this court to exercise its discretion to correct the error as one "apparent on the face of the record." ORAP 5.45(1). The state, in response, maintains that no error appears on the face of the record and that, even if it does, this is not an appropriate case in which to exercise our discretion to correct it.

We have held, on similar facts, that the trial court's admission of this type of medical diagnosis—that is, a diagnosis regarding sexual abuse based solely on a child's report—constitutes error apparent on the face of the record in light of *Southard. See, e.g., State v. Clay*, 235 Or App 26,

---

[1] OEC 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice * * *."

230 P3d 72 (2010); *State v. Merrimon*, 234 Or App 515, 228 P3d 666 (2010); *State v. Lovern*, 234 Or App 502, 228 P3d 688 (2010). We have exercised our discretion to correct the error in each instance, and we likewise do so here, for the reasons explained in those cases.

In another assignment of error, defendant contends that the trial court erred in admitting a detective's testimony regarding an interpreter's version of defendant's statements—double hearsay, he argues, under *State v. Rodriguez-Castillo*, 345 Or 39, 188 P3d 268 (2008). The state counters that defendant did not preserve that claim of error, having never mentioned "hearsay" as part of his objection to the detective's testimony. Considering that the case must be remanded, and that questions swirl regarding preservation, we decline to reach defendant's assignment of error regarding the detective's testimony. *Rodriguez-Castillo* was decided after defendant's trial, and to the extent that the hearsay issue arises on remand, the parties will have an opportunity to further develop their arguments—and the record—in the trial court.

Reversed and remanded.